UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L. GABRIELLE FREEMAN,

    Plaintiff,

v.

MICHAEL WRIGHT-FREEMAN,

    Defendant.
_____/

No. 23-13271

Honorable Nancy G. Edmunds

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS [4] AND DISMISSING PLAINTIFF'S COMPLAINT**

Plaintiff L. Gabrielle Freeman brings this pro se complaint against Defendant Michael Wright-Freeman "to dissolve power of attorney due to embezzlement of inherited funds, stolen business, prostitution, defamation and abuse of power."[1] (ECF No. 1.) Plaintiff has also filed an application to proceed without prepaying fees or costs ("in forma pauperis" or "IFP"). (ECF No. 4.) For the reasons below, the Court GRANTS Plaintiff's request to proceed IFP but DISMISSES her complaint.

**I.    Plaintiff's Application to Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a court may authorize the commencement of a civil action without the prepayment of fees or costs if the applicant submits an affidavit demonstrating that he or she is "unable to pay such fees or give security therefor." Here,

---

[1] Plaintiff brings this case in the United States District Court for the Eastern District of Michigan, but the body of her complaint states she seeks relief in "the Superior Court of California in Orange County, Probate Court/Family Division." (ECF No. 1, PageID.1.)

1

Plaintiff's application indicates that she does not have any income or assets. Based on this affidavit, the Court grants Plaintiff's application to proceed IFP.

## II. Plaintiff's Complaint

### A. Legal Standard

When a plaintiff establishes indigence, the district court must screen the complaint as mandated by Congress in 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled in part on other grounds by LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013). Specifically, the district court is obligated to dismiss a civil complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *See* § 1915(e)(2)(B). A complaint is considered frivolous and can be dismissed under § 1915(e)(2)(B) if it provides no basis for federal jurisdiction. *See Carlock v. Williams*, No. 98-5545, 1999 U.S. App. LEXIS 14104, at *5 (6th Cir. June 22, 1999).

Also, "federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). Generally, federal courts have the authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008).

### B. Analysis

Plaintiff's complaint includes nine requests characterized as "motions:" (1) "to dissolve power of attorney, marriage certificate and death certificate;" (2) "to convict for

embezzlement of inherited funds and petty theft made from earnings;" (3) "to end the defendant's campaign of defamation of character against the plaintiff involving prostitution and pornography;" (4) "to dissolve all medical and financial advance directives;" (5) "to end all forwarded mail to defendant's office or home in California;" (6) "to cease all medical directives as it relates to medical treatment and prescriptions;" (7) "to convict for all other driver license and ID occurrences;" (8) "to appoint a top forensic accountant to this case of identity theft and financial fraud;" and (9) "to confiscate all print and electronic data from Wellspring Enterprises LLC & Holdings et al owned by the plaintiff." (ECF No. 1.)

Plaintiff does not mention any federal statute or law in her complaint and her allegations do not give rise to any federal question. Plaintiff seeks the prosecution of Defendant, but "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." See *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Plaintiff also appears to be trying to assert claims of defamation and fraud, but those are common law claims based on state law. Thus, the only grounds for a federal court to exercise jurisdiction over such claims is diversity jurisdiction. However, Plaintiff does not invoke the Court's diversity jurisdiction, and there is no information in the complaint indicating that the parties are diverse.[2] And to the extent Plaintiff raises an issue regarding a marriage certificate and divorce certificate, federal courts do not hear such matters "even if they arise in diversity because of the virtually exclusive primacy of the States in the regulation of domestic relations." See *United States v. Windsor*, 570 U.S.

---

[2] Plaintiff's coversheet states that both Plaintiff and Defendant are citizens of this state. (ECF No. 1-1, PageID.5.)

3

744, 767 (2013) (internal quotation marks and citation omitted). Finding it lacks subject matter jurisdiction over Plaintiff's complaint, the Court dismisses this case without prejudice to Plaintiff refiling her complaint in the appropriate state forum.

### III. Conclusion

For the foregoing reasons, Plaintiff's application to proceed without prepayment of fees or costs is GRANTED, and Plaintiff's complaint is DISMISSED without prejudice.

In addition, pursuant to § 1915(a)(3), this Court hereby certifies that an appeal may not be taken in forma pauperis because it would not be taken in good faith.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: January 14, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 14, 2024, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager

4